IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| Richard Lee Brown, et al. | : | |
| | : | No. 20-14210-H |
| | : | |
| Plaintiff-Appellants, | : | |
| | : | |
| v. | : | |
| | : | |
| Sec. Alex Azar, et al. | : | |
| | : | |
| | : | |
| Defendants-Appellees. | : | |

PLAINTIFF-APPELLANTS' MOTION TO EXPEDITE APPEAL
_____

INTERLOCUTORY APPEAL FROM THE JUDGMENT OF
THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

No. 1:20-cv-03702-JPB
THE HONORABLE J.P. BOULEE
DISTRICT JUDGE
_____

March 29, 2021

New Civil Liberties Alliance
Caleb Kruckenberg
Litigation Counsel
Kara Rollins
Litigation Counsel
Mark Chenoweth
General Counsel
Counsel for Plaintiff-Appellants

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Plaintiffs-Appellants certify that prior certificates of interested persons were complete pursuant to Fed. R. App. P. 26.1 and Eleventh Circuit Rule 26.1-2(b). No publicly traded company or corporation has an interest in the outcome of this case or appeal.

## MOTION TO EXPEDITE ARGUMENT AND DECISION

This matter is fully briefed, and ready for argument and decision. However, since the time that the briefing schedule was established, the issues of national importance presented by this appeal have changed repeatedly. Just today, Defendant-Appellees Acting Secretary Norris Cochran,[1] U.S. Department of Health and Human Services, Acting Chief of Staff Nina B. Witkofsky, and U.S. Centers for Disease Control and Prevention (collectively CDC) have extended the nationwide eviction moratorium that was at issue in this appeal for yet another three-month period, until June 30, 2021. *Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19* (Mar. 29, 2021) *available at* https://www.cdc.gov/coronavirus/2019-ncov/more/pdf/CDC-Eviction-Moratorium-03292021.pdf. At the same time, a panel of the Sixth Circuit has denied CDC's motion for a stay of an order enjoining the eviction moratorium in the Western District of Tennessee in a published decision. *Tiger Lily v. U.S. Dept. of Housing and Urban Development*, No. 21-5256, Slip. Op. at *1, --- F.3d ---- (Mar. 29, 2021) (attached as Exhibit A). These developments have resulted in two new circumstances that warrant an

_____

[1] Norris Cochran has replaced HHS Secretary Alex Azar.

2

expedited decision from this Court: (1) the irreparable harm suffered by Plaintiff-Appellants Appellants Richard Lee (Rick) Brown, Jeffrey Rondeau, David Krausz, Sonya Jones and the National Apartment Association (NAA) (collectively Housing Providers) will now be extended for several more months; and (2) the only appellate court to consider this issue has ruled that the eviction moratorium is unlawful. Because of these developments, this Court should expedite this matter, hold oral argument and issue a decision as soon as practicable.

On September 1, 2020 CDC issued the challenged order, titled "*Temporary Halt in Residential Evictions to Prevent Further Spread of COVID-19.*" 85 Fed. Reg. 55292 (Sept. 4, 2020). The original order was set to expire on Dec. 31, 2020.

On September 8, 2020, the Housing Providers filed a challenge to the order, and sought a preliminary injunction. The district court denied that injunction in a written order on October 29, 2020.

Because the eviction moratorium was still in effect, on November 12, 2020, the Housing Providers sought an emergency injunction on appeal to this Court. A panel of this Court denied that motion on December 17, 2020.

The Housing Providers then filed their opening brief on December 21, 2020, anticipating that the eviction moratorium might expire. However, the moratorium was extended until Jan. 31, 2021 through an appropriations act.

CDC filed an unopposed request for an extension to file its brief until February 19, 2021, which this Court granted.

Soon after, CDC *again* extended the eviction order, this time until Mar. 31, 2021.

The Housing Providers filed their reply brief on March 12, 2021, again anticipating that the eviction moratorium would soon expire.

Three days later, in a separate challenge filed in the U.S. District Court for the Western District of Tennessee, a district judge enjoined the moratorium because it "exceeds the statutory authority of the Public Health Act, 42 U.S.C. § 264" and "is *ultra vires* and unenforceable in the Western District of Tennessee." *Tiger Lily, LLC, et al. v. HUD, et al.*, No. 2:20-cv-2692, Slip Op. at *20 (Mar. 15, 2021). CDC then moved the U.S. Court of Appeals for the Sixth Circuit for a stay pending appeal.

On March 29, 2021, two days before the moratorium's expiration, CDC extended the moratorium until June 30, 2021, and left open the

4

possibility that the moratorium could yet again be extended further. *See Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19* at 17 (Mar. 29, 2021) ("This Order is effective on April 1, 2021, and will remain in effect through June 30, 2021, subject to revision based on the changing public health landscape.").

That same day, a three-judge panel of the Sixth Circuit denied CDC's stay request in a published decision. *Tiger Lily v. U.S. Dept. of Housing and Urban Development*, No. 21-5256, Slip. Op. at *1, --- F.3d ---- (Mar. 29, 2021). The court denied a stay because "the government is unlikely to succeed on the merit[s]." *Tiger Lily*, Slip Op. at *7.

Just as the Housing Providers argued in their briefs, see Appellants' Br. at 22, the court concluded that CDC lacked the statutory authority to issue the moratorium. *Tiger Lily*, Slip. Op. at *4. The court said, "CDC points to 42 U.S.C. § 264 as the sole statutory basis for the order's extension [ b]ut the terms of that statute cannot support the broad power that the CDC seeks to exert." *Id.* Applying the *ejusdem generis* canon of construction, the court determined that CDC was limited to measures like "inspection, fumigation, disinfection, sanitation, [and] pest extermination," but "government intrusion on property to sanitize and

5

dispose of infected matter is different in nature from a moratorium on evictions." *Id*. at *5. The court also concluded that "the broad construction of § 264 the government proposes raises not only concerns about federalism, but also concerns about the delegation of legislative power to the executive branch." *Id*. at *6.

The Housing Providers now seek expedited review of this fully-briefed case because the latest extension will compound the irreparable harm that they have already suffered, while the Sixth Circuit's decision demonstrates the invalidity of the moratorium.

First, the latest extension of the moratorium will further harm the Housing Providers. As they have argued in other filings, they have, and will continue to suffer irreparable injury while the eviction moratorium is in place. *See* Appellants' Br. at 47-58. In particular, the Housing Providers have suffered irreparable constitutional injuries for the duration of the moratorium by having: (1) been unlawfully deprived of access to the courts; (2) suffered noncompensable loss of the value of their property; and (3) been deprived of their unique real property. *See id.*

Second, as the Sixth Circuit's decision indicates, CDC's moratorium is without a lawful basis. *See Tiger Lily*, Slip Op. at *7. Indeed, the only

6

Court of Appeals to have considered this matter on the merits has now ruled that the moratorium is unlawful, in a precedential decision. *See Tiger Lily*, Slip Op. at *7. Because of the likelihood that the moratorium is unlawful, this Court should expedite the appeal to avoid the continued harms to the Housing Providers.

This Court should therefore expedite oral argument and decision of this appeal.

Counsel for CDC, Brian Springer, has indicated that CDC opposes the relief requested in this motion. CDC also intends to file a response to this motion.

March 29, 2021                    Respectfully,


                                   */s/ Caleb Kruckenberg*
                                   **Caleb Kruckenberg**
                                   Litigation Counsel
                                   New Civil Liberties Alliance
                                   1225 19th St. NW, Suite 450
                                   Washington, DC 20036
                                   Phone: (202) 869-5210
                                   Fax: (202) 869-5238
                                   caleb.kruckenberg@ncla.legal
                                   *Counsel for Plaintiffs-Appellants*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionately spaced typefaces using Microsoft Word for Office 365 in 14-point Century Schoolbook font. It also complies with the type-volume limitations set out in Fed. R. App. P. 27(d).

March 29, 2021                    Respectfully,


                              */s/ Caleb Kruckenberg*
                              **Caleb Kruckenberg**
                              *Counsel for Plaintiff-Appellants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 29, 2021, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system which sent notification of such filing to all counsel of record.

March 29, 2021                    Respectfully,


                                  */s/ Caleb Kruckenberg*
                                  **Caleb Kruckenberg**
                                  *Counsel for Plaintiff-Appellants*